2017-57842 / Court: 133

8/30/2017 2:46 PM
Chris Daniel - District Clerk Harris County
Envelope No. 19157819
By: Justina Lemon
Filed: 8/30/2017 2:46 PM

Cause No. _____

| | | |
|---|---|---|
| MT. HEBRON MISSIONARY BAPTIST CHURCH, INC., HOUSTON, TEXAS | § § § § | IN THE DISTRICT COURT OF |
| V. | § § § | HARRIS COUNTY, TEXAS |
| SCOTTSDALE INSURANCE COMPANY, and RICHARD DENNIS SUKOLICS, SR. | § § | ____ JUDICIAL DISTRICT |

### PLAINTIFF'S ORIGINAL PETITION & JURY DEMAND

TO THE HONORABLE JUDGE & JURY OF HARRIS COUNTY CITIZENS:

Plaintiff MT. HEBRON MISSIONARY BAPTIST CHURCH, INC., HOUSTON, TEXAS ("Mt. Hebron") ("Plaintiff") file this Original Petition against Defendants SCOTTSDALE INSURANCE COMPANY ("Scottsdale") and RCHARD DENNIS SUKOLICS, SR. ("Mr. Sukolics"), (collectively "Defendants") and would respectfully show the following:

#### Discovery Control Plan

1.1   Plaintiff intends to conduct discovery under Level 2 of Texas Rule of Civil Procedure 190.

#### Parties

2.1   Plaintiff, Mt. Hebron Missionary Baptist Church, Inc., Houston, Texas is a domestic nonprofit corporation.

2.2   Upon information and belief Scottsdale Insurance Company is a foreign surplus lines insurance company engaged in the business of insurance in Texas,

1

**EXHIBIT B**

operating for the purposes of accumulating monetary profit. Scottsdale regularly conducts the business of insurance in a systematic and continuous manner in the State of Texas and does not maintain an agent for service in this State. Accordingly, Scottsdale may be served with process by serving certified mail, return receipt requested, to <u>Corp. Service Company dba CSC-Lawyers, Inc Service Company, 211 East 7th Street, Suite 620, Austin, TX 78701-3218</u>.

2.3 Upon information and belief, Mr. Sukolics is a natural person who resides and works in the State of Texas and may be served with process to <u>Richard Dennis Sukolics, Sr., 16960 Meadowlark Street, Conroe, Texas 77385-3731</u>.

<u>Venue & Jurisdiction</u>

3.1 Venue is proper in Harris County, Texas, because the insured's property is located in Harris County, Texas, Tex. Civ. Prac. & Rem. Code §15.032. Further, Venue is proper in Harris County under Tex. Civ. Prac. & Rem. Code §15.002(a)(1) as all or a substantial part of the events or omissions giving rise to this claim occurred in Harris County and Plaintiff's property that is the subject of the insurance policy, claim, denial, and litigation is in Harris County. In particular, the adjustment of the claim by Defendant Mr. Sukolics for losses under the policy (including denial and underpayment of the claim and payments to be made to Plaintiff in Harris County under the policy) were conducted in Harris County, Texas. Further, investigations and policy representations, including communications to and from Defendants and Plaintiff (including telephone calls, mailings, and other communications to Plaintiff) occurred in

Harris County, Texas. Additionally, site inspections and communications serving as the basis for suit occurred at the damaged subject property in Harris County.

3.2     Plaintiff seeks damages within the jurisdictional limits of this Court. At this time, Plaintiff seeks monetary relief in an amount over $1,000,000. Plaintiff reserves the right to modify the amount and type of relief sought in the future.

### Factual Background

4.1     On or before August 11, 2015, Scottsdale sold a commercial property insurance policy bearing Policy No. CPS2257069 to Plaintiff whereby Scottsdale would provide insurance coverage for the property located at 4615-17 Edfield Road, Houston, Texas 77033 (the "Property") in exchange for the timely payment of premium (the "Policy"). The Policy was sold by Scottsdale to the Plaintiff as the insured under the Policy and provides coverage for damages to the Property caused by a windstorm.

4.2     On or about August 11, 2015, Plaintiff's property was substantially damaged by a windstorm that struck Harris County. As a result, the roof, HVAC, interior, and exterior of the Property were substantially damaged. Upon discovering the damage, Plaintiff filed an insurance claim under the Policy with Scottsdale for damages to the Property caused by the windstorm. Plaintiff asked that the cost of repairs be covered pursuant to the Policy.

4.3     Scottsdale is the insurer on the Property. In response to the windstorm claim, Scottsdale assigned adjusters, consultants, and agents to Plaintiff's file that

3

were inadequate and improperly trained and that would violate standard insurance practices when directed to do so by Scottsdale. More specifically, Scottsdale assigned Plaintiff's claim to Mr. Sukolics to adjust the damages under the Policy.

4.4 Mr. Sukolics failed to perform a thorough investigation of the claim and instead delayed the claim payment. Mr. Sukolics inspected the property on September 3, 2015. He performed an inspection of the Property and prepared an estimate confirming the cause and extent of covered damages. Scottsdale failed to hire qualified experts to appropriately assess the damage. Mr. Sukolics delayed the claims process and failed to communicate with the insured. Mr. Sukolics performed an inadequate, incomplete and unreasonable investigation of Plaintiff's claim, which is evidenced by his delays, lack of communication, and refusal to hire to appropriate consultants. Scottsdale relied on Mr. Sukolics and their preferred vendors in determining what amounts, if any, to pay on Plaintiff's claim and failed to perform their own adequate investigation.

4.5 Scottsdale and Mr. Sukolics wrongfully underpaid and denied Plaintiff's claim for property repairs. Mr. Sukolics grossly undervalued the damages he did accept. Defendants ultimately represented to Plaintiff that certain damages were not covered under the Policy when in fact they were. Scottsdale and Mr. Sukolics have chosen to continue to deny timely payment of the damages. As a result, Plaintiff has not been fully paid under the Policy provided by Scottsdale since the windstorm. Plaintiff was forced to hire their own consultant to independently

evaluate the damages to the Property because Defendants refused to do so. To this day, Scottsdale refuses to pay for the necessary repairs to the Property as required under the Policy.

4.6    As a result of Defendants' acts and/or omissions, Plaintiff was required to retain an attorney to prosecute its claim for insurance benefits.

4.7    Unfortunately, Defendants have delayed payments for Plaintiff's necessary and covered property repairs under the insurance policy that Scottsdale wrote. Given the repeated delays of payments, Plaintiff has been subjected to significant economic impact, and continuing economic and physical damages. Because of Defendants' delays, denials, and underpayment, Plaintiff has been unable to make necessary repairs to the Property which has resulted in further damages to the Property. In addition, Plaintiff has suffered financial harm and damage as a result of Defendants' denials and repeated delays. The significant effect of Defendants' wrongful and unjustified delays, however, is still uncompensated.

### FIRST CAUSE OF ACTION—Violations of Texas Insurance Code

5.1    Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-4.7 of this Petition as if fully set forth herein.

5.2    Scottsdale and Mr. Sukolics failed to attempt to effectuate a prompt, fair, and equitable settlement of a claims with respect to which liability has become reasonably clear, in violation of Texas Insurance Code Section 541.060 (a)(2)(A).

5.3    Scottsdale and Mr. Sukolics failed to adopt and implement reasonable standards for prompt investigation of claims arising under its policies.

5.4    Scottsdale and Mr. Sukolics failed to provide promptly a reasonable explanation, in relation to the facts or applicable law, for the denial of a claims, in violation of Texas Insurance Code Section 541.060 (a)(3).

5.5    Scottsdale and Mr. Sukolics failing within a reasonable time to affirm or deny coverage of a claim to policyholders; or submit a proper reservation of rights to policyholders in violation of Texas Insurance Code Section 541.060(a)(4).

5.6    Scottsdale and Mr. Sukolics refused to pay claims without conducting a reasonable investigation with respect to the claims, in violation of Texas Insurance Code Section 541.060 (a)(7).

5.7    Scottsdale and Mr. Sukolics misrepresented the insurance policies under which it affords Property coverage to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1). Scottsdale and Mr. Sukolics misrepresented the insurance policies to Plaintiff, by making an untrue statement of material fact, in violation of Texas Insurance Code Section 541.061 (1).

5.8    Scottsdale and Mr. Sukolics misrepresented the insurance policies under which it affords Property coverage to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2). Scottsdale and Mr. Sukolics misrepresented the insurance policies to Plaintiff by failing to state a material fact that is necessary to make other statements made not misleading, in violation of Texas Insurance Code Section 541.061 (2).

5.9     Scottsdale and Mr. Sukolics misrepresented the insurance policy under which it affords Property coverage to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1). Scottsdale and Mr. Sukolics misrepresented the insurance policy to Plaintiff by making a statement in such manner as to mislead a reasonably prudent person to a false conclusion of material fact, and failing to disclose a matter required by law to be disclosed, in violation of Texas Insurance Code Section 541.061 (3) and Texas Insurance Code Section 541.002 (1).

5.10    Scottsdale and Mr. Sukolics knowingly committed the foregoing acts, with actual knowledge of the falsity, unfairness, or deception of the foregoing acts and practices, in violation of Texas Insurance Code Section 541.002 (1).

### SECOND CAUSE OF ACTION—Prompt Payment of Claim

6.1     Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-5.10 of this Petition as if fully set forth herein.

6.2     Scottsdale failed to acknowledge receipt of the claim in violation of Texas Insurance Code Section 542.055 (a)(1).

6.3     Scottsdale failed to timely commence investigation of the claim or to request from Plaintiff any additional items, statements or forms that Scottsdale and Mr. Sukolics reasonably believe to be required from Plaintiff in violation of Texas Insurance Code Section 542.055 (a)(2)-(3).

6.4 Scottsdale failed to notify Plaintiff in writing of the acceptance or rejection of the claim not later than the 15th business day after receipt of all items, statements and forms required by Scottsdale and Mr. Sukolics in violation of Texas Insurance Code Section 542.056(a).

6.5 Scottsdale delayed payments of Plaintiff's claim in violation of Texas Insurance Code Section 542.058(a).

### THIRD CAUSE OF ACTION—Statutory Interest

7.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-6.5 of the Petition as if fully set forth herein.

7.2 Plaintiff makes a claim for penalties of 18% statutory interest on the amount of the claims along with reasonable attorneys' fees for violation of Texas Insurance Code Subchapter B pursuant to Texas Insurance Code Section 542.060.

### FOURTH CAUSE OF ACTION—Breach of Contract

8.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-7.2 of the Petition as if fully set forth herein.

8.2 Scottsdale breached their contract with Plaintiff. As a result of Scottsdale's breach, Plaintiff suffered legal damages.

### FIFTH CAUSE OF ACTION—Breach of duty of good faith & fair dealing

9.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-8.2 of the Petition as if fully set forth herein.

9.2 Scottsdale, as the Property coverage insurers, had a duty to deal fairly and in good faith with Plaintiff in the processing of the claim. Scottsdale breached this

duty by refusing to properly investigate and effectively denying insurance benefits even after they admitted that they owed the claim in writing. Scottsdale knew or should have known that there was no reasonable basis for denying or delaying the required benefits. Scottsdale's duty of good faith and fair dealing was non-delegable. As a result of Scottsdale's breach of these legal duties, Plaintiff suffered legal damages.

### SIXTH CAUSE OF ACTION—Punitive Damages for Bad Faith

10.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-9.2 of this Petition as if fully set for herein.

10.2 Defendants acted fraudulently and with malice (as that term is legally defined) in denying and delaying Plaintiff's claim for benefits. Further, Defendants had actual, subjective awareness of the risk involved, but nevertheless proceeded with conscious indifference to the rights, safety, or welfare of Plaintiffs.

### SEVENTH CAUSE OF ACTION—Violations of Texas DTPA

11.1 Plaintiff re-alleges and incorporates each allegation contained in Paragraphs 1-10.2 of this Complaint as if fully set forth herein.

11.2. The Deceptive Trade Practices-Consumer Protection Act (DTPA) provides additional protections to consumers who are victims of deceptive, improper, or illegal practices. Defendants' violations of the Texas Insurance Code create a cause of action under the DTPA. Defendants' violations of the Texas Insurance Code, as set forth herein, specifically violate the DTPA as well.

## KNOWLEDGE

12.1 Each of the actions described herein were done "knowingly" as that term is used in the Texas Insurance Code and were a producing cause of Plaintiff's damages.

## RESULTING LEGAL DAMAGES

13.1 Plaintiff is entitled to the actual damages resulting from the Defendants' violations of the law. These damages include the consequential damages to its economic welfare from the wrongful denial and delay of benefits, and continued impact on Plaintiff; lost credit reputation; and the other actual damages permitted by law. In addition, Plaintiff is entitled to exemplary damages.

13.2 As a result of Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the minimum jurisdictional limits of this Court.

13.3 Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

13.4 Defendants' knowing violations of the Texas Insurance Code and DTPA entitle Plaintiff to the attorneys' fees, treble damages, and other penalties provided by law.

13.5 Plaintiff is entitled to statutory interest on the amount of their claim at the rate of 18% per year as damages under the Texas Insurance Code 542.060(a).

13.6 As a result of Defendants' acts and/or omissions, Plaintiff has sustained damages in excess of the jurisdictional limits of this Court.

13.7   Plaintiff is entitled under law to the recovery of prejudgment interest at the maximum legal rate.

13.8   Plaintiff is entitled to the recovery of attorneys' fees pursuant to Tex. Civ. Prac. & Rem. Code §38.001, the Texas Insurance Code 542.060(a)-(b), the Tex. Bus & Commerce Code §17.50 and Tex. Civ. Prac. & Rem. Code §37.009.

### Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully request that Plaintiff have judgment against Defendants for actual damages in excess of the minimum jurisdictional limits of this Court, pre- and post-judgment interest as allowed by law, costs of suit, and all other relief, at law or in equity, to which Plaintiff may be entitled.

Respectfully submitted,

RAIZNER SLANIA LLP

*[signature]*

JEFFREY L. RAIZNER
State Bar No. 00784806
ANDREW P. SLANIA
State Bar No. 24056338
AMY B. HARGIS
State Bar No. 24078630
2402 Dunlavy Street
Houston, Texas 77006
Phone: 713.554.9099
Fax: 713.554.9098
efile@raiznerlaw.com
**ATTORNEYS FOR PLAINTIFF**

## JURY DEMAND

*Plaintiff hereby demands a trial by jury, a right enshrined in the Constitution of the United States of America and the State of Texas and preserved by the sacrifices of many. The necessary jury fee has been paid.*

*[signature]*

JEFFREY L. RAIZNER